ID# E-BGSLZY5V-JFH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
25-A-2641
MAY 02, 2025 03:52 PM
Tahnicia Phillips
Tahnicia Phillips, Clerk of State Cou
Cobb County, Georg

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KIMBERLY MCNEAL,<br><br>Plaintiff.<br><br>vs.<br><br>PUBLIX SUPER MARKETS, INC., JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,<br><br>Defendants. | ) | CIVIL ACTION FILE NO.:<br><br>____________________ |

**PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES, PHYSICAL PAIN AND SUFFERING, EMOTIONAL DISTRESS, MEDICAL EXPENSES, LOST EARNINGS, AND OTHER DAMAGES**

COMES NOW, Kimberly McNeal, Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), hereby files this her Complaint for Personal Injuries, Physical Pain and Suffering, Emotional Distress, Medical Expenses, Lost Earnings, and Other Damages by showing this Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

This action arises from an incident which occurred in Cobb County, Georgia.

2.

Plaintiff is, and was at all times material to this action, a resident of Cobb County, Georgia.

3.

Defendant Publix Super Markets Inc. (hereinafter referred to as "Defendant Publix") is a Florida Corporation transacting business in the State of Georgia and in Cobb County, Georgia.

4.

Defendant Publix maintains offices and operates retail establishments in Georgia; specifically, a Publix store located at 3721 New MacLand Rd., #300, Powder Springs, Georgia, 30127, in Cobb County.

5.

According to its corporate filings with the Georgia Secretary of State, Defendant Publix is registered to transact business in Georgia and may be served with process on its registered agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066 in Cobb County, located within this judicial district.

6.

Defendant Publix is subject to the jurisdiction and venue of this Court.

7.

Defendant John Doe 1, John Doe 2, and John Doe 3 (hereinafter referred to as "John Doe 1 through John Doe 3") are unknown individuals residing in Georgia at unknown addresses.

8.

Defendants John Doe 1 through John Doe 3 are subject to both the jurisdiction and venue of this Court.

**FACTUAL ALLEGATIONS**

9.

At all times material hereto, Defendant Publix was in the business of owning, operating, and/or managing supermarket grocery stores, including, but not limited to, the subject Publix store, which is located at 3721 New MacLand Rd., #300, Powder Springs, Georgia, 30127, in Cobb County (a.k.a., "Publix Super Market at Powder Springs").

10.

On May 7, 2023, Plaintiff, a business invitee, was shopping at the subject Publix store.

11.

At the same time and place, unbeknownst to Plaintiff, there existed a puddle of water and/or other liquid substance(s) in or near a refrigerated food aisle, said dangerous condition causing Plaintiff to slip and abruptly twist her left knee.

12.

On the date of the subject incident, Plaintiff had not previously traversed the area of Defendant Publix's premises where Plaintiff slipped and injured her left knee.

13.

As a direct and proximate result of the subject incident, Plaintiff sustained significant injuries, including, but not limited to, injuries to her left knee and right shoulder which have required extensive medical evaluation and treatment, including, but not limited to, the following surgical procedures:

a. Left arthroscopic chondroplasty medial femoral condyle; and
b. Right shoulder arthroscopic supraspinatus repair, distal clavicle resection, and major debridement to include the subacromial space.

14.

At all times material to this action and specifically at the time of the subject, May 7, 2023 incident at Defendant Publix's store, Plaintiff was a business invitee of Defendant Publix.

15.

At the time of the subject incident, Defendants John Doe 1 through John Doe 3 were employees, agents of Publix Super Markets Inc., and they were acting in the course of, and within

the scope of, their employment with Publix Super Markets, Inc. Consequently, under fundamental principles of agency and respondeat superior, Publix Super Markets Inc., as the employer of Defendants John Doe 1 through John Doe 3, is legally liable for the negligent acts and omissions of Defendants John Doe 1 through John Doe 3 with regard to the subject, May 7, 2023 incident.

16.

At all times material to this action, and specifically at the time of the subject, May 7, 2023 incident, Plaintiff conducted herself in a safe and reasonable manner, and she did not in any way cause or contribute to the subject incident which caused her to sustain serious bodily injuries.

## COUNT I
## NEGLIGENCE (DEFENDANT PUBLIX)

17.

The allegations contained in paragraphs 1 through 16 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

18.

Defendant Publix owed a duty of care to Plaintiff, a business invitee, of maintaining and keeping the premises of its property in a safe condition.

19.

Defendant Publix owed a duty of care to invitees in general and to Plaintiff, specifically, in inspecting its premises to discover possible dangerous conditions and to take reasonable precautions and measures to protect invitees in general, and Plaintiff in particular, from foreseeable, dangerous conditions.

20.

At the time of the subject, May 7, 2023 incident, Defendant Publix's property, the subject Publix store, was maintained in an unsafe and dangerous condition; specifically, there existed a puddle of water and/or other clear, liquid substance(s) in or near one of its frozen food aisles, creating a hazard and exposing invitees such as Plaintiff to a foreseeable and unreasonable risk of injury and harm.

21.

At the time of the subject, May 7, 2023 incident, Defendant Publix had superior knowledge of the dangerous condition that existed in the subject aisle where Plaintiff slipped on the puddle of water and/or other liquid substance(s).

22.

At all times pertinent hereto, Defendant Publix was in full and complete control over the subject premises, and Defendant Publix knew or should have known that the condition of its premises, specifically the puddle of water and/or other liquid substance(s) on the floor in the subject aisle, constituted a dangerous and unsafe condition.

23.

Defendant Publix breached its duty of care to Plaintiff, and its negligent acts and omissions include, but are not limited to, the following:

a. Failing to warn the public and specifically Plaintiff, a business invitee, of the dangerous condition presented by the existence of the water and/or other liquid substance(s) on the floor where the subject incident occurred;
b. Failing to inspect and maintain its premises in a safe condition in the area where the subject incident occurred;
c. Failing to provide a safe condition under which invitees such as Plaintiff could reasonably be safe from harm;

d. Failing to remove the dangerous condition, specifically the water and/or other liquid substance(s) on the floor in the area where the subject incident occurred, which condition created a concealed hazard to invitees such as Plaintiff; and

e. Failing to meet their statutory legal duty of care to invitees in general and specifically to Plaintiff.

24.

As a direct and proximate result of the negligent acts and omissions of Defendant Publix, Plaintiff sustained serious, painful injuries, including traumatic injuries to her left knee and right shoulder requiring two (2) surgical procedures and other medical treatment, which is still presently ongoing.

25.

As a direct and proximate result of the negligent acts and omissions of Defendant Publix, Plaintiff has suffered and will continue to suffer the following:

a. Severe physical pain and suffering;

b. Severe emotional distress;

c. Loss of enjoyment of life; and

d. Other consequential damages.

26.

As a direct and proximate result of the injuries sustained by Plaintiff during the subject incident caused by Defendant Publix's negligence, Plaintiff has incurred medical expenses to date in a total amount exceeding $105,324.00 (one hundred and five thousand three hundred and twenty-four dollars), and she will continue to require and incur reasonable and necessary medical expenses in the future due to the severe and painful nature of her injuries. Plaintiff's incident-related medical special damages to date are itemized as follows:

| Medical Treatment Provider | Date(s) of Service | Total Amount Billed |
|---|---|---|
| Wellstar Paulding Hospital | 5/13/2023 | $9,022.90 |
| The Bortolazzo Group, LLC | 5/13/2023 | $1,020.00 |
| Quantum Radiology, PC | 5/13/2023 | $182.00 |
| Wyatt's Pharmacy – Lithia Springs, GA | 5/13/2023 – 3/20/2025 | $215.67 |
| Emory Orthopaedics & Spine Center – Smyrna / Ambulatory Surgery Center<br>*E. Jackson II, MD; E. Obunadike, MD* | 5/19/2023 – 4/18/2025<br>(20 total visits) | $20,439.76 |
| Emory Physical Therapy, LLC<br>*Robert Chip L Hewgley* | 6/07/2023 – 8/27/2024<br>(17 total visits) | $3,592.00 |
| Emory Clinic at 1365 Clifton Rd.<br>*Philip K Wong, MD; A. R Kakarala, MD* | 6/15/2023; 5/29/2024 | $521.00 |
| Emory Sports Medicine Complex - Hawks Ln | 6/15/2023 | $2,296.00 |
| Michael A Newsome, MD | 6/16/2023 | $1,566.33 |
| American Health Imaging – Austell, GA | 11/1/2023; 12/21/2023 | $4,450.00 |
| Emory HC \| Anesthesia<br>*H.A. Samady, MD; W.M. Driscoll, PAA* | 11/2/2023 | $1,638.00 |
| Southeast Dermatology Specialist – Rome, GA<br>*Keith Harris, MD* | 11/16/2023 | $315.00 |
| Omni Allergy - Dunwoody, GA<br>*Luqman Seidu, MD* | 12/07/2023; 12/13/2023 | $1,366.20 |
| Wellstar Powder Springs Medical Center<br>*Georgia Forrest, MD* | 12/14/2023 | $399.00 |
| Georgia Bone & Joint Surgeons, P.C. / Center for Orthopedic Surgery<br>*T. A. Riddle, MD; T. Conley, PA-C* | 2/8/2024 – 3/20/2025<br>(7 total visits) | $38,697.75 |
| Emory University Hospital – Smyrna | 5/29/2024 | $2,376.00 |
| Eminence Anesthesia | 12/09/2024 | $3,750.00 |
| DJO, LLC (a.k.a., DeRoyal)<br>*foam shoulder brace* | 12/9/2024 | $133.89 |
| Hal Medical O&P Tennessee / Manamed<br>*limb compression device* | 12/9/2024 | $4,250.00 |
| Emory Outpatient Rehabilitation Center<br>*Emily Russell, PT* | 12/17/2024 – 4/16/2025<br>(25 total visits) | $9,092.50 |
| | **Total:** | **$105,324.00** |

27.

As a direct and proximate result of the injuries sustained by Plaintiff in the subject incident caused by the negligence of Defendant Publix, Plaintiff has incurred lost earnings to date in a total amount of at least $23,085.00 (twenty-three thousand eighty-five dollars).

28.

As a direct and proximate result of the injuries sustained by Plaintiff in the subject incident caused by the negligence of Defendant Publix, Plaintiff has incurred out-of-pocket expenses to date in a total amount of at least $113.03 (one hundred and thirteen dollars and three cents), in addition to the medical expenses itemized in paragraph 26 of this Complaint.

29.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant Publix for her severe, physical pain and suffering, emotional distress, loss of enjoyment of life, and other damages in such amounts as shall be shown by the evidence and determined in the enlightened conscience of the jury.

30.

By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendant Publix for her incident-related, past and future expenses, including her medical expenses, additional out-of-pocket expenses, and lost earnings, in such amounts as shall be shown by the evidence and proven at trial.

**COUNT 2**
**NEGLIGENCE (DEFENDANTS JOHN DOE 1 TROUGH 3)**

31.

The allegations contained in paragraphs 1 through 30 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

32.

Based on Plaintiff's best information and belief, Defendants John Doe 1 through John Doe 3 were employed by Defendant Publix and worked at the subject Publix store located at 3721 New MacLand Rd., #300, Powder Springs, Georgia, 30127 at the time of the subject incident.

33.

Defendants John Doe 1 through John Doe 3 failed to properly maintain, inspect, warn of, and/or remove the dangerous condition, being the puddle of water and/or other clear liquid substance(s) on the floor in the subject aisle where Plaintiff slipped, which caused Plaintiff to sustain serious bodily injuries during the subject, May 7, 2023 incident.

34.

Defendants John Doe 1 through John Doe 3 owed a duty of care to Plaintiff, a business invitee, of maintaining and keeping the premises of the subject Publix property in a safe condition.

35.

Defendants John Doe 1 through John Doe 3 owed a duty of care to invitees in general and to Plaintiff, specifically, of inspecting the premises of the subject Publix store to discover possible dangerous conditions, and to take reasonable precautions and measures to protect invitees in general and Plaintiff, in particular, from foreseeable dangerous conditions.

36.

Prior to and at the time of the subject May 7, 2023 incident, the subject Publix store premesis, and specifically the aisle where Plaintiff slipped, was maintained in an unsafe and dangerous condition which created a hazard and exposed invitees such as Plaintiff to a foreseeable and unreasonable risk of injury and harm.

37.

Prior to and at the time of the subject May 7, 2023 incident, Defendants John Doe 1 through John Doe 3 had superior knowledge of the dangerous condition that existed with respect to the puddle of water and/or other liquid substance(s) on the floor in the subject aisle of the subject Publix store, which resulted in Plaintiff sustaining serious injuries.

38.

At all times pertinent to this action, Defendants John Doe 1 through John Doe 3 were in full and complete control over the subject Publix store premises, and Defendants John Doe 1 through John Doe 3 knew or should have known that the condition of the subject Publix premises, and specifically the condition of the floor of the subject aisle where Plaintiff slipped, constituted a dangerous and unsafe hazard.

39.

Defendants John Doe 1 through John Doe 3 owed a duty to its business invitees, and specifically to Plaintiff, of exercising due and reasonable care in properly inspecting and maintaining the subject premises and warning the public of, and removing, the subject puddle of water and/or other liquid substance(s) from its floor.

40.

Defendants John Doe 1 through John Doe 3 breached those duties owed to Plaintiff by failing to properly inspect and maintain the subject premises and warn the public of, and remove, the subject puddle of water and/or other liquid substance(s) for the safety and protection of Plaintiff.

41.

Defendants John Doe 1 through John Doe 3 breached their duty of care to Plaintiff, and their negligent acts and omissions include, but are not limited to the following:

a. Failing to warn the public and specifically Plaintiff, a business invitee, of the dangerous condition presented by the existence of the water and/or other liquid substance(s) on the floor where the subject incident occurred;
b. Failing to inspect and maintain its premises in a safe condition in the area where the subject incident occurred;
c. Failing to provide a safe condition under which invitees such as Plaintiff could reasonably be safe from harm;
d. Failing to remove the dangerous condition, specifically the water and/or other liquid substance(s) on the floor in the area where the subject incident occurred, which condition created a concealed hazard to invitees such as Plaintiff; and
e. Failing to meet their statutory legal duty of care to invitees in general and specifically to Plaintiff.

42.

In regard to the subject, May 7, 2023 incident, under the principles of respondeat superior and agency, Defendant Publix is liable to Plaintiff for the negligent acts and omissions of its employees and agents, including John Doe 1 through John Doe 3, who were acting in the course of, and within the scope of, their employment with Defendant Publix.

43.

As a direct and proximate result of the negligent acts and omissions of Defendants John Doe 1 through John Doe 3, Plaintiff sustained serious, painful injuries, including traumatic injuries to her left knee and right shoulder which required two (2) surgical procedures and other medical treatment, which is presently ongoing.

44.

As a direct and proximate result of the negligent acts and omissions of Defendants John Doe 1 through John Doe 3, Plaintiff has suffered, and will continue to suffer, the following:

a. Severe physical pain and suffering;

b. Severe emotional distress;

c. Loss of enjoyment of life; and

d. Other consequential damages.

45.

As a direct and proximate result of the injuries Plaintiff sustained in the subject, May 7, 2023 incident caused by the negligence of Defendants John Doe 1 through John Doe 3, Plaintiff has incurred medical expenses to date in a total amount of at least $105,324.00 (one hundred and five thousand three hundred and twenty-four dollars), and she will continue to require and incur reasonable and necessary medical expenses in the future due to the severe and painful nature of her injuries. Plaintiff's incident-related medical special damages to date are itemized in the chart under paragraph 26 of this Complaint.

46.

As a direct and proximate result of the injuries sustained by Plaintiff in the subject incident caused by the negligence of the defendants, Plaintiff has incurred lost earnings to date in a total amount of at least $23,085.00 (twenty-three thousand eighty-five dollars).

47.

As a direct and proximate result of the injuries sustained by Plaintiff in the subject incident caused by the negligence of the defendants, Plaintiff has incurred out-of-pocket expenses to date in a total amount of at least $113.03 (one hundred and thirteen dollars and three cents), in addition to the medical expenses itemized in paragraph 26 of this Complaint.

48.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants John Doe 1 through John Doe 3 for her severe, physical pain and suffering, emotional distress, loss of enjoyment of life, and other damages in such amounts as shall be shown by the evidence and determined in the enlightened conscience of the jury.

49.

By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendant(s) for her incident-related, past and future expenses, including her medical expenses, additional out-of-pocket expenses, and lost earnings, in such amounts as shall be shown by the evidence and proven at trial.

WHEREFORE, Plaintiff prays and respectfully demands verdict and judgment as follows:

a. That summons and process issue and that Defendant(s) be served with a copy of this Complaint as required by law, and that Defendant(s) be required to appear and answer;

MAY 0 6 2025

b. That Plaintiff be awarded compensatory damages from Defendant(s) for Plaintiff's past and future physical pain and suffering, emotional distress, loss of enjoyment of her life, and for all other consequential damages as may be shown by the evidence and determined in the enlightened conscience of the jury;

c. That Plaintiff be awarded special damages from Defendant(s) for her past and future medical expenses, and for her lost earnings, in such amounts as shall be shown by the evidence and proven at trial;

d. That Defendant(s) be charged with all court costs reasonably incurred in the prosecution and trial of this case;

e. That Plaintiff be granted a trial by jury; and

f. That Plaintiff be granted such other and further relief as may be authorized by law.

Respectfully submitted this 2nd day of May 2025.

**THE LAW OFFICES OF CRAIG D. MILLER, LLC**
5447 Roswell Rd., Atlanta, Georgia 30342
T: (404) 593-2715 | Fax: (404) 264-1149
katie.boatwright@millerpersonalinjury.com
craig.miller@millerpersonalinjury.com
*Counsel for Plaintiff Kimberly McNeal*

Katie M. Boatwright
Georgia State Bar No.: 553205

Craig D. Miller
Georgia State Bar No.: 506513